**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13850

Non-Argument Calendar

————————————

HERSON OCTAVIUS,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A091-399-956

————————————

Before GRANT, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Herson Octavius—a Haitian national—files this petition for review to challenge the Board of Immigration Appeals' decision to

deny discretionary and humanitarian relief. We dismiss in part and deny in part this petition.

## I.

Herson Octavius first arrived in the United States in 1985 and became a lawful permanent resident in 1990.

In 2008, Octavius was accused of raping a thirteen-year-old girl and then "placing an abortion-inducing object inside her genitals." Octavius pleaded guilty in Florida state court to one count of battery of a child. *See* Fla. Stat. § 784.085(1). As a result of the conviction, he was sentenced to five years of probation and completed a mandatory sex offender course.

In June 2013, Octavius was ordered to be deported to Haiti on the grounds that he was convicted of a "crime of child abuse." 8 U.S.C. § 1227(a)(2)(E)(i). Octavius then applied for cancellation of removal, withholding of removal, and relief under the Convention Against Torture. After an evidentiary hearing and in a thirty-three page opinion, the immigration judge denied his requests for relief. As to cancellation of removal, the judge found that the "egregious circumstances" underlying Octavius's 2010 conviction and his "lack of remorse" weighed against a favorable exercise of discretion. Moreover, the judge concluded that Octavius is ineligible for humanitarian relief because he failed to establish that he has been (or will be) persecuted in Haiti.

The Board of Immigration Appeals affirmed the judge's factual findings and legal conclusions. In this appeal, Octavius challenges the Board's decision on myriad constitutional grounds.

## II.

We review jurisdictional issues and constitutional claims de novo. *See Ponce Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1217 (11th Cir. 2023); *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).

## III.

Our precedents foreclose all of Octavius's arguments.

*First*, Octavius contends that the Board violated due process by relying on his prior criminal conviction to deny cancellation of removal relief.  To make out a due process violation, the petitioner "must assert a deprivation of a constitutionally protected liberty or property interest."  *Alkotof v. U.S. Att'y Gen.*, 106 F.4th 1289, 1298 (11th Cir. 2024) (quotation omitted).  The "failure to receive relief that is purely discretionary in nature"—such as cancellation of removal—"cannot deprive an alien of due process."  *Ponce Flores*, 64 F.4th at 1218–19 (quotation omitted); *see also Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).

Because the challenge to the Board's discretionary decision is "not colorable," we do not have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review it.  *Ponce Flores*, 64 F.4th at 1222.

*Second*, with respect to the Board's denial of humanitarian relief, Octavius claims that the Board failed to review the immigration judge's legal conclusions de novo.  This argument is belied by the face of the Board's opinion, which states that it reviewed the immigration judge's "findings of fact" under the "clearly erroneous" standard and "all other issues, including issues

of law, discretion, or judgment, under the de novo standard." *See* 8 C.F.R. § 1003.1(d)(3). In fact, rather than go along with the immigration judge's legal conclusions, the Board denied relief "for different reasons."[1]

*Third*, Octavius contends that Congress may not delegate immigration matters to adjudicators housed in the Executive Branch. Yet time and again, the Supreme Court has held that the "power of congress" to expel aliens "may be exercised entirely through executive officers." *Fong Yue Ting v. United States*, 149 U.S. 698, 713–14 (1893); *see also United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542–43 (1950); *Dep't of State v. Muñoz*, 602 U.S. 899, 907–08 (2024).

*Fourth*, Octavius asserts that immigration proceedings violate procedural due process because they often amount to "assembly-line adjudication." However, he does not identify any procedural deficiencies that infected his particular case. And we decline to "anticipate a question of constitutional law in advance of the necessity of deciding it." *Bush v. Texas*, 372 U.S. 586, 590 (1963) (quotation omitted).

*Fifth*, Octavius argues that administrative law judges in the Executive Office for Immigration Review are not properly appointed under the Appointments Clause. Under our precedents,

---

[1] By failing to raise the issue in his opening brief, Octavius forfeited his challenge to the Board's conclusion that "criminal deportees" do not constitute a particular social group. *See United States v. Noriega*, 676 F.3d 1252, 1260 n.2 (11th Cir. 2012).

25-13850                Opinion of the Court                        5

however, ALJs in the Department of Justice "are inferior officers properly appointed by the Attorney General." *Walmart, Inc. v. Chief Admin. Law Judge*, 144 F.4th 1315, 1323, 1342 (11th Cir. 2025).

*Sixth*, relying on the major questions doctrine, Octavius maintains that Congress did not delegate the task of adjudicating immigration cases to the immigration courts. That is not a serious argument: "Congress has retained in the Department of Justice the functions of the Executive Office for Immigration Review," and the "Attorney General has delegated that authority to Immigration Judges, whose decisions are reviewed by the Board of Immigration Appeals." *Scheerer*, 513 F.3d at 1251 n.6; *Jaramillo v. Immigr. & Naturalization Serv.*, 1 F.3d 1149, 1150 (11th Cir. 1993) (en banc); *see* 8 U.S.C. § 1103(g)(1). Indeed, "Congress has delegated remarkably broad discretion to executive officials" over immigration matters, including the adjudication of the sort of claims at issue here. *See Jean v. Nelson*, 727 F.2d 957, 977 (11th Cir. 1984) (en banc).

⋆    ⋆    ⋆

We **DISMISS** in part and **DENY** in part the petition for review.